76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
VONTZ & SONS, a partnership, Plaintiff-Appellant,
v.
AMERICAN AGRISURANCE, INC.; Star Insurance Co., Defendants-Appellees.
 No. 94-15877.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 13, 1995.
Decided Jan. 30, 1996.
 
 1
 Before: WIGGINS and LEAVY, Circuit Judges, and REAL,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Vontz & Sons ("Vontz") appeals from the district court's grant of summary judgment in favor of American Agrisurance, Inc. and Star Insurance Company ("Insurers"), arguing that genuine issues of material fact exist concerning its claims that Insurers improperly denied preventable planting endorsements ("PPE") for 1991 and 1992 cotton crops, and that Insurers failed fully to indemnify Vontz for 1991 crop losses. We affirm.
 
 
 4
 Vontz failed to establish any right to PPE coverage under the multiple peril crop policy in effect at the time of Vontz's request for PPE coverage. Vontz's reliance on provisions of the PPE itself to establish a right to coverage is misplaced, since it presupposes coverage under that endorsement. We conclude that Vontz has failed to offer any meritorious argument establishing Insurers' obligation to provide it with PPE coverage.
 
 
 5
 We also reject Vontz's contention that California irrigated cotton could not be excluded from coverage under the PPE. The PPE only covers crops for which coverage also exists under the underlying multiple peril policy. See PPE at Paragraph 3. The local water district notified agricultural water users in early February 1991 that no state water would be provided due to ongoing drought. Prior to Vontz's request for the PPE, the Federal Crop Insurance Corporation ("FCIC") determined that preexisting drought conditions would not constitute an insurable cause of loss to 1991 irrigated crops. See SER at 19. Cf. General Ins. of Am. v. Lapidus, 325 F.2d 287, 290 (9th Cir.1963) and Barry Ostrager & Thomas Newman, Handbook on Insurance Coverage Disputes, § 8.02 at 306-316 (8th. ed. 1995) (known losses or losses in progress cannot be insured). Due to the preexisting drought conditions, Vontz lacked water necessary to invoke coverage under the underlying multiple peril insurance policy, and, therefore, the resulting prevented planting of those crops could not constitute a covered loss under the PPE.
 
 
 6
 Vontz's claim for 1992 PPE coverage must also fail because PPE coverage expressly requires a valid underlying multiple peril crop insurance policy. See PPE at Paragraph 10. Because Insurers timely cancelled the underlying insurance policy, no PPE coverage could exist in 1992.
 
 
 7
 Finally, Vontz asserts that Insurers improperly calculated indemnity for its 1991 crop losses based on crop program yields established by the FCIC because these yield figures were below the actual yield. Section 508(a) of the Federal Crop Insurance Act provides that a crop insurance contract must provide yield coverage based on either "the producer's farm program yield" or "producer's actual production history for the 5 previous crops." Section 508(a) further provides that if the producer fails to submit adequate evidence of its production history, then it "shall be assigned the producer's farm program yield for that crop."
 
 
 8
 Vontz failed to submit the required documentation of five years of production history for either its cotton or forage crops, and offered no persuasive evidence or authority supporting his contention that Insurers acted improperly in indemnifying based on the program yield determinations established by the FCIC.
 
 
 9
 Having considered Vontz's remaining claims and finding them meritless, the decision appealed from is
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Manuel L. Real, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3